IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES TERRY COOK, JR.
(ADC#651371)                                                                                           PLAINTIFF

v.                            Civil No.2:14-cv-02159-PKH-JRM

JAIL ADMINISTRATOR PETE
PETERSON, et. al.

                                                                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Terry Cook filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 14, 2014. (ECF No. 1.) Now before the Court is Plaintiff's failure to comply with the Court's order and to prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**1.      BACKGROUND**

At the time Plaintiff filed his Complaint, he was incarcerated in the Johnson County Detention Center. (ECF. No. 1.)

In his Complaint, Plaintiff claims Defendant violated his constitutional rights by denying him

medical care. (ECF No. 1.)

On July 14, 2014, Plaintiff's Complaint was provisionally filed, and Plaintiff was ordered to file the funds affidavit required to complete the IFP application by July 30, 2014. (ECF No. 3.) On July 21, 2014 that Order was returned as undeliverable from the Johnson County Detention Center.

On August 6, 2014, the completed funds affidavit was filed. (ECF No. 5.)

On August 7, 2014, the Court determined through research that Plaintiff had been released from the Johnson County Detention Center. The Court filed a Change Address Order using the home address provided provided to the detention center when he was booked. (ECF No. 6.) Mail sent to this address was not returned as undeliverable.

On January 15, 2015, the Court granted Plaintiff's IFP application and directed service on Defendants. (ECF No. 7.)

On April 29, 2015, the Court filed an Order to Show Cause directing Plaintiff to respond by May 20, 2015 or face case dismissal. (ECF No. 13.) This Order was not returned as undeliverable.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3.   DISCUSSION

The Court has not received any communication from Plaintiff since he was released from the Johnson County Detention Center. Plaintiff has therefore failed to prosecute and to obey the Orders of the Court. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

4.   CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED**

without prejudice on the grounds that Plaintiff has failed to comply with Court Orders and to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of June 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE